# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs October 21, 2014 at Knoxville

## CARL RENEE BROWN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**Nos. 8606424, 8606425, 8606426     James T. Lammey, Judge**

**No. W2013-02774-CCA-R3-PC  -  Filed November 26, 2014**

The petitioner, Carl Renee Brown, appeals pro se from the summary dismissal of his 2013 petition for post-conviction relief, which challenged his 1987 convictions of criminal attempt to sell cocaine pursuant to Tennessee Code Annotated section 39-6-417 (1982) (repealed 1989).  Because the petition was filed decades beyond the applicable statute of limitations and because the petitioner failed to either allege or prove a statutory exception to the timely filing or a due process tolling of the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Carl Renee Brown, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 19, 1987, the petitioner entered pleas of guilty to two counts of attempt to sell cocaine, and the trial court imposed an effective sentence of three years.  The petitioner did not appeal either the convictions or the sentence.  On April 9, 2008, more than 20 years after the judgments in his case became final, the petitioner filed a petition for post-conviction relief, alleging, *inter alia*, that his guilty pleas were not knowingly or voluntarily entered.  On September 17, 2013, the petitioner filed a second petition for post-conviction relief, alleging "factual innocence" and due process considerations.  The post-conviction

court summarily dismissed the petition, deeming it time barred. In its order of dismissal, the post-conviction court also stated that it "appear[ed] . . . that on May 12, 2008, this Court dismissed a Petition for Post Conviction Relief filed by the Petitioner because it had been filed beyond the applicable one-year statute of limitations" and that the original petition had "been resolved on the merits."

On appeal, the petitioner challenges the summary dismissal of his 2013 petition, contending that neither the trial court nor trial counsel advised him of his right to appeal or his right to the appointment of appellate counsel. In addition, the petitioner asserts that his guilty pleas were not knowingly and intelligently entered and that "newly presented evidence" in the form of the transcript of his plea proceedings evinces the involuntary nature of his guilty pleas. The State argues that the petition at issue was not timely filed.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a

constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his 1987 convictions via a post-conviction petition filed in 2013, decades after the judgments became final. The statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's claims for relief, involuntary pleas and failure to advise him of his right to appeal, are not "later-arising." The "newly presented evidence" the petitioner relies upon is the transcript of the guilty plea proceedings dated June 19, 1987. Nothing indicates the petitioner needed additional time to reasonably be able to assert these claims. Finally, it appears that the instant petition is the second petition for post-conviction relief filed by the petitioner. The post-conviction court indicated that the first petition was dismissed on the merits, which would have precluded the filing of a second petition. *See* T.C.A. § 40-30-102(c) ("In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If

a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.") Although the petitioner claims that he "withdrew" the original petition for post-conviction relief, he provides no proof of this claim.

Accordingly, the judgment of the post-conviction court is affirmed.

_____

JAMES CURWOOD WITT, JR., JUDGE